IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEPHEN S. EDWARDS,<br><br>           Plaintiff,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION, et al.,<br><br>           Defendants. | Civil No. 17-7807(RMB/KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon Motions to Dismiss, filed by Defendant PHH Mortgage Corporation ("PHH")[Dkt. No. 34] and Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Equifax Consumer Services LLC ("ECS")(collectively, the "CRA Defendants")[Dkt. No. 36] seeking the dismissal of Plaintiff Stephen S. Edwards' ("Plaintiff") First Amended Complaint ("Am. Compl.")[Dkt. No. 31] in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  PHH also argues, in the alternative, for the transfer of this matter to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a). Plaintiff has six (6) pending motions before this court, as follows(1) a "Motion for Dispute Resolution" [Dkt. No. 33]; (2)

a "Motion to Quash PHH Motion to Dismiss and for Sanctions Against Lawyers Sixkiller and Norblatt for their fraud upon this Court [for] Witholding evidence" [Dkt. No. 38]; (3) a "Motion for Immediate Injunctive Relief" [Dkt. No. 39]; (4) a "Motion to Deny Dismissing Defendants Equifax and Experian" [Dkt. No. 43]; (5) a "Motion for an Order to Show Cause against PHH Mortgage" [Dkt. No. 51]; and (6) a "Motion to Strike" [Dkt. No. 54] in relation to PHH's Cross-Motion for Sanctions [Dkt. No. 52].[1]

Noting this litigation's lack of connection to this forum and Defendant PHH's argument for transfer § 1404(a), this Court issued an Order to Show Cause as to why this Court should not transfer the case to the District of Arizona, in the interest of convenience and justice [Dkt. No. 64]. Having reviewed the parties' briefing on this issue, including the responses from Plaintiff [Dkt. No. 65] and the CRA Defendants [Dkt. No. 66], the Court finds that a transfer of this action is appropriate under § 1404(a). Therefore, this Court will not render a decision on the other pending motions.[2]

---

[1] Plaintiff never filed a formal response in opposition to Defendants' motions. He did, however, file the "Motion to Quash" [Dkt. No. 38] and the "Motion to Deny Dismissing Defendants Equifax and Experian" [Dkt. No. 43].

[2] This Court acknowledges that Defendants presented persuasive arguments that the Amended Complaint should be dismissed for failure to state a claim, but finds that the District of Arizona is better suited to evaluate whether this case should be precluded in its entirety on the basis of res judicata. The

2

## I. BACKGROUND

Because Plaintiff is proceeding pro se, the Court liberally construes the Amended Complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Haines v. Kerner, 404 U.S. 519, 520 (1972)("however inartfully pleaded," the "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers"). Even construing Plaintiff's Amended Complaint liberally, his factual allegations are vague and unclear. The facts set forth herein are those which the Court could construe from Plaintiff's Amended Complaint.

Plaintiff resides at 16030 S. 36th Street, Phoenix, Arizona 48048. (Am. Compl. ¶ 5). PHH is a mortgage corporation headquartered in New Jersey that conducts business throughout the nation, including "regularly" conducting business "through its entities in the Maricopa County area of Arizona." Id. ¶ 6. Plaintiff states that Experian is "based on Costa Mesa," California and Equifax is "based in Atlanta" and "have marketing

---

Court further notes that although the CRA Defendants argued for dismissal due to insufficient process under Fed. R. Civ. P. 12(b)(4), it appears that Plaintiff properly submitted a request for a summons to be issued by the Clerk of the Court on June 22, 2018 [Dkt. No. 32]. Because Plaintiff is pro se and the docket suggests that the summons was never issued due to a clerical error, rather than Plaintiff's own fault, this Court would have been compelled to grant Plaintiff additional time to correct service, rather than dismiss.

and sales relationships that are clearly biased." Id. Plaintiff alleges that PHH, at some point, "fraudulently" misled him into a "faulty mortgage situation, in which [he] took a construction loan . . . which in turn . . . led to a fraudulent foreclosure." Id. ¶ 7. Plaintiff does not identify the location of the property that is subject to this mortgage, although he implies that it is a property located in Mesa, Arizona. Id. ¶ 26. Moreover, throughout his Complaint Plaintiff seems to variably allege that he owes PHH nothing, that he owes PHH $100,000, Id. ¶ 23, and that PHH owes him $285,000.00, Id. ¶ 22.

In connection with this construction loan and mortgage, Plaintiff alleges that PHH has "lied" both to credit reporting agencies and the U.S. Court of Appeals for the Ninth Circuit about how much Plaintiff owes them. Id. at ¶¶ 12-13. Plaintiff also alleges that PHH declined full payment in November 2014 and July 2015 and "circumvented the sale" of his home on two occasions. Id. ¶¶ 17-18. Moreover, Plaintiff alleges, "PHH failed to provide a Simple Payoff letter and when ordered to do so they [sic] submitted fraudulent payoff terms purposely harassing Edwards." Id. ¶ 19. Plaintiff alleges that PHH's actions led him to build a custom home in Mesa, Arizona, without the assistance of a licensed contractor, and to convert his home into a business, which in turn hurt his ability to run his "limousine service." Id. ¶ 26.

Plaintiff filed his initial Complaint on October 3, 2017, and filed his Amended Complaint on June 22, 2018, alleging (1) breach of contract; (2) breach of fiduciary duty; (3) fraud; (4) violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.; (5) and violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.. Although not articulated in enumerated counts, Plaintiff also states that "Violations of Federal Law_USC §802, §504, §12101 Exist." Id. at p. 2. Plaintiff seeks monetary damages and equitable relief in the forms of an Order requiring specific performance by PHH and an injunction prohibiting PHH from, among other things, foreclosing on his mortgage.

This is not Plaintiff's first lawsuit against PHH, Experian, or Equifax. Indeed, Plaintiff has previously filed at least seven actions against PHH in Arizona state and federal courts. See Super Trust Fund u/t/d 06/15/01 v. Charles Schwab Bank et al., No. 2:13-cv-00735-ROS (D. Ariz.)("Edwards I"); Edwards v. Charles Schwab Bank et al., No. 2:14-cv-00066-MHB (D. Ariz)("Edwards II"); Stephen S. Edwards Inc. v. PHH Mortgage Corp. et al., No. 2:15-cv-00919-ROS (D. Ariz.)("Edwards III"); Stephen S. Edwards v. PPH Corp., et al., No. 2:16-cv-01842-JJT (D. Ariz.)("Edwards IV"); Stephen S. Edwards v. PPH Corp., et al., No. CV2017-012833, (Sup. Ct. Ariz.)("Edwards V"); Edwards v. Experian Info. Sols. Inc., No. 2:15-cv-02640-JJT (D. Ariz.).

Each of these previously filed actions, several of which have been dismissed, relates to a loan secured by real property located at 1765 N. Lemon Street, Mesa, Arizona 85025 (the "Lemon Street Property"). The Court has reason to believe that the Lemon Street Property is the property implicated in the instant matter. This Court also notes that Plaintiff currently has yet another active matter pending against PHH in the District of Arizona. <u>See</u> <u>Edwards v. PHH Mortgage Corp. et al.</u>, No. 2:18-cv-04040-SPL (D. Ariz.)(removed from Maricopa County Superior Court, CV2018-009743).

II.     **<u>LEGAL STANDARD & ANALYSIS</u>**

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The parties do not appear to genuinely dispute that this action could have been filed in the District of Arizona, where the Lemon Street Property is located, where the underlying transaction occurred, where Plaintiff resides, where PHH operates regional locations, and where Plaintiff has filed the half-dozen prior suits related to this transaction in both federal and state courts.

"If the proposed alternative forum is appropriate," as it is here, "it is then within the Court's discretion to transfer the action." Taylor v. Global Credit & Collection Corp., 2010 WL 2521758, at *1 (D.N.J. June 14, 2010) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)). Indeed, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise ... of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999)(internal citations omitted). Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice," pursuant to § 1404(a). Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under § 1404(a), courts in the Third Circuit consider both private and public interests, the Court addresses these factors below.

7

### A. *Private Interest Factors*

As delineated in Jumara v. State Farm Insurance, 55 F.3d 873, 880 (3d Cir. 1995), the Court must consider the following private interest factors when determining whether a § 1404(a) transfer is appropriate:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum). Id. at 879 (internal citations omitted).

With regard to the private interest factors, it is clear that Plaintiff prefers New Jersey. Arguing against transfer, Plaintiff considers himself a victim of "Battered Wife Syndrome" in the Arizona courts and states that "[t]he Court should not send the victim into the line of fire of Phoenix injustice." [Dkt. No. 65, at 2]. Plaintiff explains that "[w]e all know [PHH's counsel] loves the judges in Phoenix" and that "7th Amendment Violations ignore [sic] by Phoenix should not be permitted." This Court affords no weight to Plaintiff's preference based on absurd and unsupported allegations of judicial bias in Arizona.

Generally, a plaintiff's choice of forum is "a paramount consideration" to transfer determinations, Shutte v. Armco Steel

Corp., 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed." Jumara, 55 F.3d at 879.  Here, however, Plaintiff's choice of forum warrants less deference because most, if not all, of the operative facts occurred in Arizona, not in New Jersey, as discussed below. See, e.g., Goldstein v. MGM Grand Hotel & Casino, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015)("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.")(quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227-28 (D.N.J. 1996)); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J. 1994)("courts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum.")(citing Shutte, 431 F.2d at 25); Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) ("Where the operative facts of a lawsuit occur outside the forum selected by the plaintiff, that choice is entitled to less deference.")(internal citations omitted).

Although Defendants' first choice would be for this Court to dismiss Plaintiff's Amended Complaint, alternatively, PHH and the CRA Defendants support transfer to the District of Arizona. The parties do not dispute that Plaintiff's claims arose in Arizona, where the Lemon Street Property is located, where the

books and records are located, where Plaintiff and most witnesses reside, and where Plaintiff has previously litigated (and currently does litigate) multiple cases against the same Defendants involving the Lemon Street Property. These factors weigh in favor of transfer to Arizona.

Convenience of the parties weighs in favor of transfer. The only factor linking the case to this Court is that PHH is headquartered in New Jersey. Plaintiff concedes in his response to the Court's Order to Show Cause that "if anything, the inconvenience is to Edwards not to PHH!" [Dkt. No. 65]. However, PHH has stated that it has the resources to defend the case in either New Jersey or Arizona, but it would be more convenient for it to litigate this case in Arizona, where PHH has already obtained lawyers in the other half-dozen cases involving this same property and transaction.

There is no indication that any witnesses or evidence would be unavailable in either New Jersey or Arizona. However, Plaintiff and other witnesses reside in Arizona, the books and records are in Arizona, and the Lemon Street Property is located in Arizona. Therefore, these factors weigh in favor of transfer to Arizona.

### B. *Public Interest Factors*

As set forth by the Third Circuit in Jumara, this Court must also consider the relevant public interest factors in relation to transfer:

> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. Jumara, 55 F.3d at 879-80.

The first factor - the enforceability of the judgment - weighs in favor of transfer. Because Plaintiff has already filed a half-dozen other cases against the same Defendants in Arizona, there are legitimate questions raised in Defendants' motions to dismiss that this case should be dismissed due to res judicata. Because Plaintiff's prior lawsuits were adjudicated in Arizona by a judge well-versed in Plaintiff's litigation, the District of Arizona would be better positioned to determine whether Plaintiff's claims are precluded in their entirety by an existing final judgment.

Next, both the practical and administrative considerations weigh in favor of transfer to the District of Arizona. Both the District of Arizona and the District of New Jersey have federal judicial vacancies that the Judicial Conference has deemed judicial emergencies. Given the congested dockets in both

11

districts, this Court notes that consolidating this case with Plaintiff's pending case in the District of Arizona would conserve judicial resources and be more efficient for all parties. Additionally, transfer to the district geographically closer to Plaintiff, the relevant property, and the witnesses would be more likely to make trial easy, expeditious, or inexpensive.

The Court also considers the local interest in deciding local controversies at home, finding that this Court's interest is minimal. This Court's only connection to this matter is that PHH is headquartered in New Jersey. However, PHH itself prefers to litigate this case in Arizona. Because the underlying claims arose in Arizona, this case would only be a "local" controversy in Arizona.

Although Plaintiff appears to make a public policy argument in favor of transfer, this Court finds that the public interest in promoting judicial economy strongly supports transfer. Not only is Arizona the forum with the more significant connection to the events giving rise to this litigation, but it is also the location of the past litigation between the parties. As previously noted, Plaintiff has provided no support for his nonsensical allegation that there "was a violation of the 7th Amendment in each [prior] case" litigated in Arizona. [Dkt. No. 65, at 3]. Therefore, Arizona "has a strong public interest in

adjudicating the dispute." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 526 (D.N.J. 1998).

Finally, the Court considers the familiarity of the trial judge with the applicable state law in diversity cases to be a neutral factor. Federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases.

### III. CONCLUSION

For the reasons set forth herein, this Court finds that the private and public factors weigh in favor of transfer. Therefore, the Court holds it appropriate to transfer this action to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a).

**ACCORDINGLY**, it is on this **28th** day of **February 2019**, hereby

**ORDERED** that the Clerk of the Court shall **REOPEN** this case; and it is further

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1404(a), with a notation that it may be related to another active case in the District of Arizona, Edwards v. PHH Mortgage Corp. et al., No. 2:18-cv-04040-SPL.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE